OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Jackson v. Allen, Special Prosecutor.
[Cite as State ex rel. Jackson v. Allen (1992),     Ohio St.3d     .]
Complaint in quo warranto challenging appointment of special prosecutor -- Writ denied, when.
(No. 91-1343 -- Submitted July 29, 1992 -- Decided October 21, 1992.)

In Quo Warranto.

Reginald S. Jackson, Jr., relator, acting in place of the prosecuting attorney, filed this quo warranto action to declare John W. Allen, respondent, a usurper in the office of special prosecutor in Hancock County and to oust him from such office.

Former Hancock County Prosecutor Joseph H. Niemeyer discovered what he suspected were criminal violations by Jeffrey J. Whitman, an attorney practicing in Hancock County. Niemeyer also believed that he might be called as a witness in that matter. Consequently, he applied to the Hancock County Common Pleas Court for the appointment of a special prosecutor. After several appointed special prosecutors resigned, the court, on June 8, 1990, appointed John W. Allen to be special prosecutor. Allen proceeded to investigate the Whitman matter.

On December 31, 1990, Niemeyer resigned as prosecuting attorney, and, on January 1, 1991, became a judge in the Hancock County Common Pleas Court. On January 2, 1991, Robert A. Fry was appointed Hancock County Prosecutor. Apparently, Fry did not then apply to have Allen reappointed as special prosecutor.

On March 13, 1991, after Allen had convened and presented evidence to a grand jury, the grand jury issued indictments in the Whitman matter. The indictments against Whitman were for inducing parents to part with their offspring so as to separate the child from its parents, perjury, and aiding and abetting perjury.

On April 10, 1991, Whitman filed a motion to dismiss the indictments, supplemented on May 6, 1991, alleging that Allen's authority as special prosecutor had lapsed when Niemeyer left office. On May 22, 1991, the trial court overruled the motion.

On July 3, 1991, Jackson filed the instant complaint in quo warranto. Both parties have filed motions for summary judgment.

Connelly, Soutar & Jackson and Reginald S. Jackson, Jr., for relator.

Catherine D. Goldman, Special Assistant Prosecuting Attorney, for respondent.

Per Curiam. In his first proposition of law, Allen argues that Jackson is attempting to substitute this quo warranto action for the appeal of the trial court's order overruling Whitman's motion to dismiss his indictments. Jackson responds that he only challenges the right of Allen to hold the office of special prosecutor and that this action should not be construed as a substitute for an appeal.

Quo warranto relief is not available if a statutory appeal procedure exists. State ex rel. Hanley v. Roberts (1985), 17 Ohio St.3d 1, 4, 17 OBR 1, 3, 476 N.E.2d 1019, 1021-1022.

In the underlying criminal cases, Whitman filed a motion to dismiss the indictments. In the motion, he advanced arguments similar to those made in this case. The trial court denied that motion. After this denial, relator Jackson filed the complaint in this case. Defendant Whitman then sought a continuance of the trial until we would decide this quo warranto matter, which the trial court denied. Relator Jackson thereafter applied for a writ of supersedeas in this court to stay the trial. To this application he attached a copy of Whitman's motion for continuance that Whitman had filed in the trial court. According to the motion, "* * * [d]efendant [Whitman] has filed a Motion and Complaint for Quo Warranto, by and through Counsel, in the Supreme Court of Ohio on July 3, 1991, and docketed as Case No. 91-1343, challenging the appointment of the Special Prosecutor, John Allen."

This statement establishes a link between Whitman's criminal cases and this quo warranto action. We conclude that Whitman is trying to quash the indictments through this proceeding rather than appeal the trial court's denial of his motion to dismiss. Since Whitman has an available appeal remedy, we grant Allen's motion for summary judgment and deny the writ for quo warranto.

                         Writ denied.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.